Judge Rowan
delivered the opinion of the court.
This was an action on the case. The declaration contains four counts. The first, a general indebitatus assumpsit:—The 2d, quantum meruit—The 3d and 4th on special agreements. The special agreement alledged in the 4th count is, in substance, that the defendant agreed to pay the plaintiff for whatever work he should do upon defendant’s building, as carpenter or house-joiner, at the Maysville prices, or the customary prices at Maysville, as soon as the work was done thereon and a bill thereof rendered The count concludes with an averment that the work to a certain amount was done by plaintiff pursuant to said agreement, and a bill thereof rendered to defendant, &c.
Upon the trial, plaintiff proved the agreement and the work done by him pursuant thereto; but failed to prove, expressly, that he had rendered to defendant a bill thereof—he proved that defendant, after the work was done, and before the suing out of the writ in this case, shewed the witness a statement of the amount of plaintiff’s bill, and observed, that it was too high—whereupon defendant moved the court to instruct the jury as in case of non-suit, because the plaintiff had failed to prove the special agreement precisely as alledged in his declaration—which instruction the court gave, and the plaintiff was non-suit. To reverse which judgment of non-suit, plaintiff sued out this writ of error.
The exactness of correspondence between the proof and the special agreement, as alledged in the declaration, which has been required in many cases, by the judges before whom they were tried, is evincive rather of the technical cast of the mind of the judge, than conducive to the justice of the case. Justice requires, that when liability has been incurred upon a special agreement, it shall be stated by the plaintiff so specifically, in his declaration, as that the de *160 fendant will be thereby not only notified of the facts, by the proof of which the plaintiff expects to recover; but that the plaintiff will, by a finding of the-jury and the judgment of the court thereon, be barred thereby from a second recovery. It is not necessary to this end that the plaintiff in making out his declaration should employ every epithet of specification of which his case is susceptible. That discription which will convey to his adversary reasonable notice of the grounds upon which he is to be made liable, and will enable him to plead the judgment in that case in bar of a second recovery upon the same cause of action, will be sufficient; and proof of the distinctive and discriminating facts of the case will suffice. The case need not be proved in all or any of its superfluous particularity of description or specification. The characteristic leading facts only of the case need be proved. That we think has been done—for if the rendering, by the plaintiff to the defendant, a bill of the work after it was done, be considered a substantive part of the special agreement, there was evidence that conduced strongly to prove that fact, and it should have been left to the jury.
A special agreement need not be proved precisely as laid, if it be laid so certainly as to notify the defend’t of the cause of action, and bar future recovery for the same demand it is enough.
Upon an executed special agreement, plaintiff may recover on a general count
Bibb for appellant, Talbot for appellee.
But the proof, upon well settled principles of law, was sufficient to have sustained a recovery upon the first count in the declaration. This special agreement was executed on the part of the plaintiff, and the law, in such cases, will imply a promise, on the part of the defendant, to make compensation—and therefore, proof of an executed special agreement may be made under a count of general indebitatus assumpsit. This doctrine is to be inferred from the general principles settled in the case of Moses and M’Farland, reported by Burrow, and has been expressly settled in the case of bank of Columbia against Paterson, 7 Cranch, page 299—and by this court in the case of Hally against M’Cargo, 4th Bibb, page 349.
The judgment must be reversed with costs, and the cause remanded for further proceedings to be had therein not inconsistent with the foregoing opinion.